## Commonwealth v. Ebersole

*C. Kent Price,* Assistant District Attorney, for Commonwealth.

*Richard L. Campbell* of *Miller, Kistler & Campbell,* for defendant.

CAMPBELL, P. J., May 9, 1973.—

### FACTS

On December 3, 1972, a citation was issued to defendant, Randall I. Ebersole, charging him with a violation of section 1002(b)(8) of The Vehicle Code of April 29, 1959, P. L. 58, PS §1002 (speeding). Upon receiving a plea of not guilty, the district magistrate

sent defendant a notice of the trial date. The notice was not sent by certified mail, return receipt requested, as required by Pennsylvania Rule of Criminal Procedure 135(2)(b). Defendant did not appear and was found guilty.

Defendant filed a motion to quash for the reason that the notice was not sent by certified mail as required by Rule 135.

At a hearing held on this motion, counsel stipulated that defendant had, in fact, received the notice of the date of trial, but had been advised by his attorney that he need not appear because the notice was defective.

## DISCUSSION

When the issuing authority receives a plea of not guilty in response to the issuance of a citation, Pa. R. Crim. P. 135 provides that he shall:

"(2) Notify the defendant and the police officer of the day and hour fixed for the trial as follows:

"(b) If the defendant enters his plea by mail, he shall be notified of the day and the hour fixed for his trial by *certified mail, return receipt requested*. The date set shall be not less than twenty days from mailing of said notice of trial, unless the issuing authority fixes an earlier date upon request of the defendant or his attorney, with the consent of the police officer."

The question presented by defendant is whether the proceedings in this case must be quashed for the sole reason that notice of the trial date was not sent by certified mail as required by rule 135.

Our research fails to disclose any case on point construing Pa. R. Crim. P. 135 and thus conclude this matter to be one of first impression. However, this question has previously been faced in construing a similar provision in section 1202 of The Vehicle Code,

75 PS §1202. Subsection (a) thereof provides, in part, as follows:

": . . the magistrate . . . shall send by *registered mail,* to the person charged . . . a notice in writing of the filing of the information, together with a copy thereof and a notice to appear within ten (10) days."

Construing this statute, the weight of opinion of our sister courts appears to be that failure to comply strictly with a provision as to notice is a jurisdictional defect; that without such compliance the magistrate is without jurisdiction over defendant's person and that this question can be raised at any stage of the proceedings: Carringer-Pennsylvania Summary Convictions, page 147; Commonwealth v. Foulk, 41 D. & C. 472 (1941, Lancaster Co.); Commonwealth v. Bennett, 32 D. & C. 542 (1938, Adams Co.); Commonwealth v. Myers, 40 Dauph. 215 (1935); Commonwealth v. Beaver, 58 D. & C. 97 (1946, Franklin Co.); Commonwealth v. Maun, 68 D. & C. 288 (1949, Adams Co.); Commonwealth v. Heim, 18 D. & C. 2d 404 (1959, Columbia Co.).

Section 1202 of The Vehicle Code and other similar provisions are suspended by the Pennsylvania Rules of Criminal Procedure. See the well-reasoned opinion of Judge Heimbach in Commonwealth v. Braganini, 51 D. & C. 2d 435 (1970).

We are convinced that the rationale of the cases interpreting section 1202 of The Vehicle Code is inapplicable here. Defendant was issued a citation and he responded by a plea of not guilty. Certainly, this would confer jurisdiction of the magistrate over his person. The only question at issue is the manner used by the magistrate to notify defendant of the day and hour fixed for the hearing, a purely procedural matter. Defendant has not been prejudiced except to the extent of additional costs of his appeal. He is entitled to a due process hearing by reason of his appeal. However, we

will grant defendant an election. Since there is no deadline imposed on the magistrate regarding the notice of the day and hour of hearing, we will either refer the matter back to the magistrate to arrange for a new hearing date by giving proper notice thereof, or we will list the same for a de novo hearing in this court. Defense counsel is requested to advise the court of his election within 20 days.

We hasten to point out to the district justices of the peace that this decision should not be construed as permission to digress from the provisions of the Pennsylvania Rules of Criminal Procedure. On the contrary, we would urge strict compliance therewith.

We, therefore, enter the following

### ORDER

And now, May 9, 1973, defendant's motion to quash is refused.